## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CRISPIFY LTD<br>5 ISRAEL SHOCHAT<br>HERZLIYA, 4628705<br>ISRAEL<br>    Plaintiff<br> v.<br>ROBERT BOSCH, LLC<br>38000 HILLS TECH DRIVE<br>FARMINGTON HILLS, MI 48331<br>    Defendant | Civil Action No.: 24-10570 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Crispify LTD ("Crispify"), by its undersigned counsel, alleges as follows for its complaint against Defendant Robert Bosch LLC (Bosch).

### THE NATURE OF THIS ACTION

1. Crispify brings this action against Bosch, pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 11,731,486 ("the '486 Patent) titled "System for Monitoring and/or Controlling the Air Quality in a Vehicle." The '486 Patent protects the inventions of Plaintiff in the area of vehicle cabin air quality monitoring. Defendant has been made aware of the patent-in-suit but has continued to infringe and has refused to cease its infringing actions, thereby necessitating this lawsuit.

### THE PARTIES

2. Plaintiff Crispify is an Israel corporation located at: 5 Israel Shochat, Herzliya, 4628705, Israel. Crispify is the owner of the patent-in-suit by assignment.

3. Defendant Bosch is US company that is a subsidiary of Robert Bosch GmBH a German Corporation. Bosch maintains twelve production sites throughout the United States. Bosch manufactures and imports into the US and uses, offers to sell and sells the accused products throughout the United States.

4. Defendant, and customers of Defendant, use the accused products to practice the claimed methods of the patent-in-suit. Defendants induce and contribute to this infringing use.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.
This Court has Personal jurisdiction over Bosch because Bosch is located in this district.

7. Venue is proper for Defendant Bosch in the Eastern District of Michigan pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Upon information and belief, Defendant's headquarters located at 38000 Hills Tech Drive, Farmington Hills, MI 48331, and facilities directly related to the accused products, including design, engineering and sales and service of the accused products located at 15000 N Haggerty Rd, Plymouth, MI 48170. Defendants are doing business in this judicial district, have committed acts of infringement and has regular and established places of business in this District and has employees conducting regular and established business in this judicial district.

## BACKGROUND AND GENERAL ALLEGATIONS

8. In 2020, Plaintiff, Crispify, filed a patent application for their invention of Mr. Adam Feldman and Mr. Yoad Langer, which allowed for monitoring smoke levels inside a

vehicle. Their inventive "System for Monitoring and/or Controlling the Air Quality in a Vehicle" was granted several US and international patents, including the patent-in-suit, 11,731,486. The patent claims devices which include a system for monitoring various metrics related to air quality in a vehicle. The '486 patent also claims a method for monitoring smoke levels in a vehicle.

9. Defendant manufactures and sells products known generally as air quality monitoring equipment, through the Bosch Mobility Sector including the following:

    RideCare Insight

The accused Bosch products infringe claims of the '486 patent.

10. On August 22, 2023, United States Patent No. 11,731,486 ("the '486 Patent"), entitled "System for Monitoring and/or Controlling the Air Quality in a Vehicle" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '486 Patent claims patent-eligible subject matter and is valid and enforceable. Crispify is the exclusive owner by assignment of all rights, title, and interest in the '486 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '486 Patent. Defendants are not licensed to the '486 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '486 patent whatsoever. A true and correct copy of the '486 Patent is attached hereto as Exhibit A.

11. The '486 Patent is referred to herein as the "patent-in-suit." Plaintiff Crispify is the original and current owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

# THE PATENT

12. The claims of the '486 patent are directed to "A control unit for monitoring and/or controlling the air quality of a vehicle cabin." The '486 patent contains sixteen claims directed to the system and six claims directed to the method, Claim one of the '486 patent recites:

> Claim 1. A control unit for monitoring and/or controlling the air quality of a vehicle cabin, the control unit comprising:
>
> an input module configured to receive first sensing data indicative of sensed parameters of air within the cabin of the vehicle, wherein the first sensing data comprises data indicative of size, quantity and concentration of particulate matter in the cabin;
>
> processing module configured to process the first sensing data and to generate calculated cabin's air quality data, said calculated cabin's air quality data comprises smoking score indicative of levels of smoking residues or smoking smell being monitored in the cabin, wherein the calculated cabin's air quality data is indicative of the air quality in the cabin of the vehicle; and
>
> an output module for outputting the calculated cabin's air quality data;
>
> wherein said processing module is configured for analyzing temporal profile of the first sensing data, recognizing patterns therein indicative of smoking to determine said smoking score.

Claim fourteen of the '486 Patent recites:

> 14. A method for monitoring or controlling the air quality of a vehicle cabin, the method comprising:
>
> receiving a first sensing data indicative of sensed parameters of air within the cabin of the vehicle, wherein the first sensing data comprises data indicative of size, quantity and concentration of particulate matter in the cabin;
>
> processing the first sensing data for generating calculated cabin's air quality data, said calculated cabin's air quality data comprises smoking score indicative of smoking residues or smoking smell being monitored in the cabin, wherein the calculated cabin's air quality data is indicative of the air quality in the cabin of the vehicle;
>
> outputting the calculated cabin's air quality data; and

analyzing temporal profile of the first sensing data, recognizing patterns therein indicative of smoking to determine said smoking score.

**INFRINGEMENT**

13.     The Bosch RideCare Insight systems and components infringe claims of the '486 patent.



14.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '486 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

15.     Defendants also indirectly infringe the '486 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendants have knowingly and intentionally actively aided, abetted and induced and continues to induce others to directly

infringe at least one claim of the '486 patent, including its customers throughout the United States. Defendants continue to induce infringement of the '486 patent. Defendants have contributorily infringed and continue to contributory infringe under 35 U.S.C. §271(c) because, with knowledge of the '486 patent, Defendants supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendants contribute to its customers' infringement because, with knowledge of the '486 patent, Defendant supplies the technology that allows its customers to infringe the patent, including the method claims.

16. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe and when used according to Defendants' instructions for operation, or parts are supplied, directly infringe claims of the '486 Patent.

17. Attached as Exhibits to the Complaint are claim charts demonstrating the correspondence of the operation of the accused products with elements of exemplary claims of the '486 Patent.

18. Defendant and its customers have continued infringement. The accused products satisfy the elements of the asserted claims:

> **'486 Claim 1 - A control unit for monitoring and/or controlling the air quality of a vehicle cabin, the control unit comprising:**

Bosch's RideCare insight system utilizes a sensor to be used in the cabin of a personal vehicle. The sensor monitors air quality, including smoke in the vehicle.



## Ensure smoke-free vehicles

Ensure smoke-free vehicles is achieved through RideCare insight, which can detect smoking inside the vehicle. Utilizing an algorithm, it furnishes a time stamp and duration for each smoking occurrence, serving as evidence that can be valuable in potential claims.

**(claim element) an input module configured to receive first sensing data indicative of sensed parameters of air within the cabin of the vehicle, wherein the first sensing data comprises data indicative of size, quantity and concentration of particulate matter in the cabin;**

RideCare insight uses an intelligent sensor box to detect body damage or smoking in the vehicle as well as aggressive driving behavior. The sensor box is attached to the vehicle's windshield as a retrofit solution. The service increases transparency on these events and



**(claim element) processing module configured to process the first sensing data and to generate calculated cabin's air quality data, said calculated cabin's air quality data comprises smoking score indicative of levels of smoking residues or smoking smell being monitored in the cabin, wherein the calculated cabin's air quality data is indicative of the air quality in the cabin of the vehicle; and**



RideCare insight provides real-time reliable information on vehicle body damage, smoke incidents in the vehicle and aggressive driving behavior. As a result, the solution helps increase visibility of these events, reduces vehicle downtime and effectively lowers operating cost. Each service can be used individually or as a complete service-bundle with the same hardware.

Ensure smoke-free vehicles

Ensure smoke-free vehicles is achieved through RideCare insight, which can detect smoking inside the vehicle. Utilizing an algorithm, it furnishes a time stamp and duration for each smoking occurrence, serving as evidence that can be valuable in potential claims.



**(Claim Element) an output module for outputting the calculated cabin's air quality data; wherein said processing module is configured for analyzing temporal profile of the first sensing data, recognizing patterns therein indicative of smoking to determine said smoking score.**







19. Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 5, 8, 9, 13, 14, 15, and 18 of the '486 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, offering to sell, selling and/or importing into the United States, air quality monitoring devices that infringe the asserted claims; and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems, including air monitoring devices and by selling products for performing the patented method. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

20. The Bosch RideCare Insight systems are infringing systems and thus directly infringe at least '486 Claims 1, 2, 3, 4, 5, 8, 9, 13, 14, 15, and 18 .

21. Defendant has directly infringed and continues to infringe one or more of claims of the '486 Patent under 35 USC §271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing accused products and/or by practicing the claimed method in the United States. Defendant continues to infringe claims of the '486 Patent.

22. Defendant has indirectly infringed and continues to indirectly infringe one or more of the claims of the '486 Patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner. Defendant continues to infringe claims of the '486 Patent.

23. Defendant has indirectly infringed and continues to indirectly infringe one or more of the claims of the '486 Patent under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and/or other components and supplies, which are combined to form an infringing product and/or used in practicing methods which infringe the claims of the '486 Patent, thus contributing to the infringement of the '486 Patent. Defendant continues to infringe claims of the '486 Patent.

24. Defendant does not have a license or authority to use the '486 Patent. Defendant

has been willfully infringing the '486 Patent since at least as early as they became aware of the patent-in-suit. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

25. As a result of Defendant's infringement of the '486 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## INFRINGEMENT OF U.S. PATENT
## NO. 11,731,486 BY BOSCH

26. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

27. Defendant Bosch has infringed, and continues to directly infringe, at least claims 1, 2, 3, 4, 5, 8, 9, 13, 14, 15, and 18 of the '486 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

28. Defendant Bosch has indirectly infringed one or more of the claims of the '486 Patent under 35 USC §271(b) by inducing others to use the accused products to practice the claimed method which infringes claims of the '486 Patent, thus indirectly infringing the '486 Patent. Bosch does not have a license or authority to use the '486 Patent.

29. Defendant Bosch has indirectly infringed one or more of the claims of the '486 Patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '486 Patent, thus contributing to the infringement of the '486 Patent. Bosch does not have a license or

authority to use the '486 Patent.

30. As a result of Bosch's infringement of the '486 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

For relief for the forgoing, Plaintiff asks this Court:

For a judgment declaring that Defendant Bosch has infringed the '486 Patent.

For a judgment declaring that Defendant Bosch has directly infringed the '486 Patent.

For a judgment declaring that Defendant Bosch has indirectly infringed the '486 Patent.

For a judgment declaring that Defendant Bosch has induced infringement of the '486 Patent.

For a judgment declaring that Defendant Bosch has contributed to the infringement of the '486 Patent.

For a judgment declaring that Defendant Bosch has directly infringed the '486 Patent.

For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendants from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '486 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendants' infringement was willful and for enhancement of damages in accordance with 35 U.S.C. 284;

For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses,

costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and for such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all issues so triable in this litigation.

Respectfully Submitted:

 /s/ Joseph J. Zito
Joseph J. Zito
WHITESTONE LAW
1850 Towers Crescent Plaza, #550
Tysons, Virginia 22182
202-466-3500
jzito@whitestone.law

*Attorneys for Plaintiff*
*Crispify Ltd*